PD-0712-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/8/2015 1:19:53 PM
Accepted 7/9/2015 4:28:04 PM
ABEL ACOSTA
CLERK

NO. PD-0712-15

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

DYLAN JEZREEL GARCIA, Appellant

VS.

THE STATE OF TEXAS, Appellee

On Petition for Discretionary Review from

The Fourteenth Court of Appeals

in No. 14-14-00387-CR Affirming

The 300th Criminal District Court of

Brazoria County, Texas, Cause No. 68303,

Honorable K. Randall Hufstetler, Judge Presiding

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

July 9, 2015

ABEL ACOSTA, CLERK

Crespin Michael Linton
440 Louisiana, Suite 900
Houston, Texas 77002
Texas Bar No. 12392850
(713) 236-1319
(713) 236-1242 (FAX)
crespin@hal-pc.org
Counsel for Appellant

Oral Argument Waived

**INDEX**

PAGE

Index     2

Names of All Parties     3

List of Authorities     4

Statement Regarding Oral Argument     5

Statement of the Case     5

Procedural History     5

GROUND FOR REVIEW     6

THE COURT OF APPEALS ERRED IN DETERMINING
THAT EXIGENT CIRCUMSTANCES JUSTIFIED THE
WARRANTLESS SEIZURE OF APPELLANT'S BLOOD

Reason for Review     6

Statement of Facts     7

Arguments and Authorities     8

Prayer for Relief     12

Certificate of Compliance     12

Certificate of Service     12

Appendix A     13
    Opinion, *Garcia v. State*

# NAMES OF ALL PARTIES

Pursuant to Tex. R. App. P. 38.1(a), the following are interested parties:

Presiding Judge:                    K. Randall Hufstetler Brown
                                    300th Criminal District Court
                                    111 E. Locust, 4th Floor
                                    Angleton, Texas 77515

Appellant:                          Mr. Dylan Jezreel Garcia
                                    Texas Department of Criminal Justice
                                    TDCJID# 01926397
                                    Hamilton Unit
                                    200 Lee Morrison Lane
                                    Bryan, Texas 77807

Attorneys for State:                Mr. Trey Picard
                                    Brazoria County District Attorney's
                                    Office
                                    111 E. Locust, 4th Floor
                                    Angleton, Texas 77515

Attorneys for Appellant:            Mr. Scott M. Brown (trial)
                                    121 E. Myrtle
                                    Angleton, Texas 77515

                                    Mr. Crespin Michael Linton (appeal)
                                    440 Louisiana Street, Suite 900
                                    Houston, Texas 77002

**LIST OF AUTHORITIES**

CASES                                                                                          PAGE

**Douds v. State**, 434 S.W.3d 842…………………………                10
(Tex. App. - Houston [14th Dist.] 2014, pet. granted)

**McGee v. State**, 105 S.W.3d 609…………………………                9
(Tex. Crim. App. 2003)

**Shepherd v. State**, 273 S.W.3d 681……………………………                9
(Tex. Crim. App. 2008)

**State v. Mosely**, 348 S.W.3d 435……………………………                10
(Tex. App. - Austin 2011, pet. ref'd)

**Wiede v. State**, 214 S.W.3d 17……………………………………                9
(Tex. Crim. App. 2007)

RULES

TEX. R. App. Proc., Rule
38.1(a)……………………………………………………………..                3

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Rule 39.1, Appellant waives the right to oral argument.

## STATEMENT OF THE CASE

The Appellant was charged with Intoxication Manslaughter and Felony Driving While Intoxicated. After a jury trial, the jury found Appellant guilty of both charges. The jury sentenced him to a term of 12 years in prison for Intoxication Manslaughter and 10 years in prison for Felony Driving While Intoxicated.

## PROCEDURAL HISTORY

All points of error were affirmed by the Fourteenth Court of Appeals on May 12, 2015, in a published opinion. No motion for rehearing was filed.

# GROUND FOR REVIEW

**GROUND FOR REVIEW**

THE COURT OF APPEALS ERRED IN DETERMINING THAT
EXIGENT CIRCUMSTANCES JUSTIFIED THE
WARRANTLESS SEIZURE OF APPELLANT'S BLOOD.

**REASON FOR REVIEW**

THE COURT OF APPEALS HAS DEPARTED SO FAR FROM
THE ACCEPTED AND USUAL COURSE OF JUDICIAL
PROCEEDINGS OR SO FAR SANCTIONED SUCH A
DEPARTURE BY A LOWER COURT, AS TO CALL FOR AN
EXERCISE OF THE COURT OF CRIMINAL APPEAL'S
POWER OF SUPERVISION.

# STATEMENT OF FACTS

At about 10:20 p.m. on June 3, 2012, Appellant was involved in a one car accident on County Road 690 in Brazoria County, Texas, in which the passenger was killed. Trooper David Wyman arrived at the scene at about 11:00 p.m. and smelled alcohol on Appellant's breath inside an ambulance in which Appellant was located. Appellant was then taken to a local hospital. Wyman did not arrive at the hospital until Midnight because he had to monitor the accident scene until another officer arrived. At 1:15 a.m., Wyman ordered a mandatory blood draw after he concluded that Appellant was intoxicated and after Appellant refused to consent to provide a specimen of his blood.

In a pretrial hearing, the trial denied Appellant's motion to suppress the results of the blood draw obtained without a warrant. The trial court found that exigent circumstances justified that warrantless seizure of Appellant's blood. The jury found Appellant guilty of Intoxication Manslaughter and Felony DWI and sentenced him to prison terms of 12 years and 10 years respectively.

## ARGUMENTS AND AUTHORITIES

**GROUND FOR REVIEW ONE**

THE COURT OF APPEALS ERRED IN DETERMINING THAT EXIGENT CIRCUMSTANCES JUSTIFIED THE WARRANTLESS SEIZURE OF APPELLANT'S BLOOD.

**REASON FOR REVIEW**

THE COURT OF APPEALS HAS SO FAR DEPARTED FROM THE ACCEPTED AND USUAL COURSE OF JUDICIAL PROCEEDINGS OR SO FAR SANCTIONED SUCH A DEPARTURE BY A LOWER COURT, AS TO CALL FOR AN EXERCISE OF THE COURT OF CRIMINAL APPEAL'S POWER OF SUPERVISION.

## DISCUSSION

The Court of Appeals incorrectly held that the totality of the circumstances supported the trial court's decision that found that exigent circumstances existed that made obtaining a warrant impractical.

At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of credibility of the witnesses, as well as the weight to be give their testimony. **Weide v. State**, 214 S.W.3d 17 (Tex. Crim. App. 2007) In reviewing a trial court's ruling on a motion to suppress, the appellate court gives almost total deference to a trial court's determination of historical facts, and review de novo the trial court's application of law of search and seizure. **Shepherd v. State**, 273 S.W.3d 681 (Tex. Crim. App. 2008

The exceptions to the rule that a search must rest upon a search warrant include: 1) voluntary consent to search, 2) search under exigent circumstances, and 3) search incident to arrest, and the State bears the burden to prove that a warrantless search falls within one of these exceptions. **McGee v. State**, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003) A warrantless seizure of a blood sample can be constitutionally permissible if the State proves that the police had probable cause to arrest a suspect,

9

exigent circumstances existed, and a reasonable method of extraction is available. **State v. Mosely**, 348 S.W.3d 435, 440 (Tex. App. – Austin 2011, pet. ref'd)  Only the exigent circumstances exception applies in this case because Appellant did not consent to the taking of his blood and the taking of blood was not a proper search incident to arrest.  "To ensure that the exigencies of the situation make dispensing with the constitutional requirements of a warrant imperative, courts must focus on whether the State showed that police could not reasonably obtain a warrant, not on whether it showed how severe the accident was. **Douds v. State**, 434 S.W.3d 842, 854 (Tex. App. – Houston [14th Dist.] 2014, pet. granted).

While Appellant acknowledges that 3 hours passed from the time of the accident until Trooper Wyman ordered the mandatory blood draw, Appellant contends that the appellate court refused to acknowledge the fact that Trooper Wyman never even attempted to obtain a warrant.  Trooper Wyman supported his decision for a warrantless blood draw by testifying it would have taken too much time for him to type up the warrant and find a local judge in the middle of the night to sign the warrant for a blood draw. By relying upon Trooper Wyman's testimony to uphold the trial court's

10

decision, the appellate court supported Trooper Wyman's decision to not even try to obtain a warrant because the process was too hard.  Because Wyman had already smelled alcohol on Appellant's breath at the accident scene, Wyman could have called his office to begin the process of locating a judge and preparing a warrant, but Wyman decided against the additional work and just relied on the mandatory blood draw statute.  Wyman's refusal to do the extra work necessary to obtain warrant does not amount to exigent circumstances.  Therefore, the Court of Appeals erred in determining that exigent circumstances existed to justify the warrantless seizure of Appellant's blood.

## PRAYER FOR RELIEF

For the reasons stated, Appellant Garcia prays the Court to grant his Petition For Discretionary Review, and after considering the grounds for review, reverse the judgment of the court of appeals and grant the relief requested.

Respectfully submitted,
/s/ Crespin Michael Linton
Crespin Michael Linton
440 Louisiana, Suite 900
Houston, Texas 77002
Texas Bar No. 12392850
(713) 236-1319
(713) 236-1242 (Fax)

## CERTIFICATE OF COMPLIANCE

I hereby certify that Appellant's Brief, as calculated under Texas Appellate Rule of Appellate Procedure 9.4, contains 1,466 words as determined by the Word program used to prepare this document.

/s/ Crespin Michael Linton
Crespin Michael Linton

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 8th day of July 2015, a true and correct copy of the foregoing Appellant's Brief was served by E-service in compliance with Local Rule 4 of the Court of Appeals or was served in compliance with Article 9.5 of the Rules of Appellate Procedure delivered to the Assistant District Attorney of Harris County, Texas, 111 E. Locust Street, 4th Floor Angleton, Texas 77515 at davidb@brazoria-county.com and the State Prosecuting Attorney, P.O. Box 12405 Austin, Texas 78711 at information@spa.texas.gov.

/s/ Crespin Michael Linton
Crespin Michael Linton

# **APPENDIX A**

Opinion In the Court of Appeals

For The Fourteenth District of Texas

No. 14-14-00387-CR

*Dylan Jezreel Garcia,*
                              Appellant
                    v.

*State of Texas*,
                              Appellee

Affirmed and Memorandum Opinion filed May 12, 2015.



In The

# Fourteenth Court of Appeals

### NO. 14-14-00387-CR

## DYLAN JEZREEL GARCIA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 68303

## M E M O R A N D U M   O P I N I O N

Appellant Dylan Jezreel Garcia was convicted by a jury of intoxication manslaughter and felony driving while intoxicated. In several issues, appellant contends that (1) the evidence is insufficient to support appellant's conviction for felony driving while intoxicated; (2) the evidence is insufficient to support appellant's conviction for intoxication manslaughter; (3) the trial court erred in denying appellant's motion to suppress the warrantless blood draw; and (4)

appellant's conviction for intoxication manslaughter and felony driving while intoxicated violates the Double Jeopardy Clause. We affirm.

## BACKGROUND

On June 3, 2012, at approximately 10:20 p.m., appellant was involved in a one-car accident on County Road 690 in Brazoria County. Appellant and the complainant, Calvin Shiflet, Jr., were leaving a bar and following friends in another vehicle to a party. Appellant began speeding, but lost control of his silver Cadillac SUV. The SUV flipped at least twice and landed almost 700 feet from the road.

Lieutenant Richard Hempel was the first responder to arrive at the scene. When Lieutenant Hempel arrived, the SUV was right-side up at the bottom of a hill. Lieutenant Hempel asked the appellant what happened and appellant stated that he was driving too fast and crashed. The complainant was unconscious and slouched over in the passenger seat of the SUV. One witness testified that she observed appellant climb out of the window of the vehicle and say "Oh, gosh, I'm dead." When appellant began complaining of back pain, EMS placed appellant on a backboard in the ambulance and put a C-collar on his neck. A Life Flight helicopter was summoned to the scene so that complainant could be transported to a nearby hospital.

Department of Public Safety Trooper David Wyman arrived at the scene at 11:10 p.m. When Trooper Wyman arrived, there were already several police departments and emergency responders present and the complainant was being loaded into the Life Flight helicopter. Trooper Wyman spoke to appellant in the back of the ambulance and smelled a strong odor of alcohol. Trooper Wyman asked appellant how much he had to drink and appellant looked down, shook his head from side to side, and said "I had a little bit." The ambulance then transported

2

appellant to a nearby hospital. Trooper Wyman stayed at the scene to investigate the accident and wait for another trooper to relieve him. Trooper Wyman left the scene at 11:47 p.m. and arrived at the hospital at 12:00 a.m.

When Trooper Wyman arrived at the hospital, appellant was receiving x-rays. While waiting on appellant to return to his hospital room, Trooper Wyman was informed that the complainant died prior to landing at the hospital.[1] Trooper Wyman spoke to appellant in the hospital room and smelled a strong odor of alcohol and noticed that he had red, glassy eyes. Trooper Wyman also observed a nystagmus coming from appellant's eyes. Appellant refused to perform the requested sobriety tests.

Pursuant to the mandatory blood draw provision of the Texas Transportation Code, Trooper Wyman obtained a specimen of appellant's blood. *See* Tex. Transp. Code § 724.012(b)(1)(A). Trooper Wyman read appellant the statutory DWI warning contained in the DIC–24 form[2] and requested a specimen of appellant's blood. Appellant refused consent to the blood draw and a nurse drew appellant's blood at 1:15 a.m. Laura Cook, a chemist with the Brazoria County Sheriff's Department Crime Laboratory, tested appellant's blood sample. The test revealed that appellant's blood alcohol concentration was .239 grams per hundred milliliters at 1:15 a.m. Cook also testified that on average a person eliminates alcohol at a rate of .015 grams to .020 grams per hour.

On April 23, 2014, a jury convicted appellant of intoxication manslaughter

---

[1] Later that morning, Trooper Wyman was informed that the complainant had been revived. The complainant eventually died several days later. At trial, the medical examiner testified that complainant's cause of death was blunt force injuries.

[2] The DIC–24 form is a standard form commonly used by the DPS to request blood specimens from suspected intoxicated drivers. *See Martin v. Dep't of Pub. Safety*, 964 S.W.2d 772, 773 (Tex. App.—Austin 1998, no pet.). The form sets forth the required warnings from section 724.015 of the Texas Transportation Code. *See* Tex. Transp. Code § 724.015.

and felony driving while intoxicated. The jury assessed punishment at 12 and 10 years in prison, respectively, which the trial court ordered to be served concurrently. Appellant filed a motion for new trial, which was denied by operation of law.

## ISSUES AND ANALYSIS

In four issues, appellant contends that (1) the evidence is insufficient to support appellant's conviction for felony DWI because the State failed to show appellant was intoxicated; (2) the evidence is insufficient to support appellant's conviction for intoxication manslaughter because the State failed to show appellant's intoxication caused the complainant's death; (3) the trial court erred in denying appellant's motion to suppress the warrantless blood draw because the State failed to show an exception to the warrant requirement existed; and (4) appellant's convictions for intoxication manslaughter and felony DWI violate the Double Jeopardy Clause.

## I.    Sufficiency of the Evidence

In his first and second issues, appellant challenges the sufficiency of the evidence to support his convictions.

In conducting a sufficiency review, we view all of the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). The jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimonies. *Montgomery*, 369 S.W.3d at 192. We defer to the jury's responsibility to resolve conflicts in the evidence fairly and we draw all reasonable inferences from the evidence in favor of the verdict. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). An

4

appellate court may not reevaluate the weight and credibility of the evidence produced at trial because doing so improperly substitutes the court's judgment for that of the factfinder. *See Montgomery*, 369 S.W.3d at 192.

### A. The Evidence is Sufficient to Support Appellant's Conviction for Felony DWI

Appellant contends that the evidence is insufficient to support his conviction for felony DWI because the State did not prove that appellant drove his vehicle while intoxicated.

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. Tex. Penal Code § 49.04(a). Driving while intoxicated is a Class B misdemeanor, unless the State shows that the defendant has previously been convicted two times of any other offense relating to the operating of a motor vehicle while intoxicated.[3] *Id.* § 49.09(b)(2). The previous convictions may be used to enhance the charged offense from a misdemeanor to a felony. *Id.* Intoxicated is defined as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol" or "having an alcohol concentration of 0.08 or more." *Id.* § 49.01(2).

Appellant argues that the evidence that he was not intoxicated overwhelmingly outweighs the evidence showing he was intoxicated. Specifically, appellant points to the following facts: (1) one witness did not smell alcohol on appellant's breath; (2) one witness saw appellant consume only three alcoholic beverages at the bar; (3) an expert testified that appellant's blood test results were not consistent with his behavior; and (4) a bartender testified that he did not believe appellant was intoxicated.

---

[3] Appellant does not raise any error regarding his two prior DWI convictions; appellant only challenges the element of intoxication.

5

At least five people testified at trial that they smelled alcohol on appellant's breath. Trooper Wyman observed a nystagmus coming from appellant's eyes and noticed that his eyes were red and glassy. Trooper Wyman testified that he believed appellant was intoxicated. *See Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. [Panel Op.] 1979) (holding that trooper's testimony that defendant was intoxicated, when considered in the light most favorable to the verdict, was sufficient to establish the element of intoxication); *Henderson v. State*, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) ("The testimony of a police officer that an individual is intoxicated is probative evidence of intoxication."). Further, a chemist testified at trial that appellant's blood alcohol level was .239, which is three times the legal limit. *See Henderson*, 29 S.W.3d at 622 ("[A] blood alcohol level beyond the legal limit . . . is probative evidence of a person's loss of his or her faculties."); *see also* Tex. Penal Code § 49.01(2)(B).

When viewing the evidence in the light most favorable to the verdict, we conclude that a rational factfinder could have found the essential elements of felony DWI beyond a reasonable doubt. We overrule appellant's first issue.

**B.     The Evidence is Sufficient to Support Appellant's Conviction for Intoxication Manslaughter**

Appellant also asserts that the evidence is insufficient to support his conviction for intoxication manslaughter because the State did not prove appellant's intoxication caused the complainant's death.

A person commits the offense of intoxication manslaughter if he (1) operates a motor vehicle in a public place; (2) while intoxicated; and (3) by reason of that intoxication, causes the death of another person by accident or mistake. Tex. Penal Code § 49.08(a); *Wooten v. State*, 267 S.W.3d 289, 294–95 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). It is not enough that operation of a motor vehicle,

6

even when operated by an intoxicated person, causes the death; rather, the State must prove that a defendant's intoxication caused the fatal result. *Wooten*, 267 S.W.3d at 295. Whether such a causal connection exists is a question for the jury's determination. *Hardie v. State*, 588 S.W.2d 936, 939 (Tex. Crim. App. [Panel Op.] 1979). The jury may use circumstantial evidence to establish a causal connection. *Garcia v. State*, 112 S.W.3d 839, 852 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

"But for" causation must be established between an accused's conduct and the resulting harm. *See* Tex. Penal Code § 6.04(a); *Robbins v. State*, 717 S.W.2d 348, 351 (Tex. Crim. App. 1986). When concurrent causes are present, the "but for" requirement is satisfied when either (1) the accused's conduct is sufficient by itself to have caused the harm; or (2) the accused's conduct coupled with another cause is sufficient to have caused the harm. *Robbins*, 717 S.W.2d at 351. If an additional cause, other than the accused's conduct, is clearly sufficient by itself to produce the result and the accused's conduct by itself is clearly insufficient, then the accused cannot be convicted. *Id.*

Appellant contends that the unlit dangerous road, not his intoxication, was the primary cause of the accident. Appellant points to the fact that (1) the road was not well lit; (2) the accident happened at "Dead Man's Curve;" and (3) he used his brakes. The factors upon which appellant relies, at best, could have contributed to the accident. *See Martinez v. State*, 66 S.W.3d 467, 469–70 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). When concurrent causes are present, the "but for" requirement is satisfied when the accused's conduct coupled with another cause is sufficient to have caused the harm. *See Robbins*, 717 S.W.2d at 351.

As established above, the evidence is sufficient to show appellant was intoxicated at the time of the accident. Appellant was involved in a one-vehicle

7

accident. Appellant admitted to several officers that he crashed his SUV because he was driving too fast and lost control of his SUV. Officer Jonathan Cox testified at trial that the black box of appellant's SUV showed that he was traveling at 77 miles per hour before the accident occurred. The posted speed limit on the road was 50 miles per hour. Trooper Wyman testified that appellant's speeding, intoxication, and overcorrection of the steering wheel caused the crash.

We conclude that a rational factfinder could have found that "but for" appellant's intoxication, the complainant's death would not have occurred. *See Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010) ("Being intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident, and the inference of causation is even stronger when the accident is a one-car collision with an inanimate object."); *see also Martinez*, 66 S.W.3d at 468–69 (holding that evidence showing defendant was speeding, intoxicated, and had lost control of his vehicle was sufficient to support his conviction). When viewing the evidence in the light most favorable to the verdict, a rational factfinder could have found the essential elements of intoxication manslaughter beyond a reasonable doubt. *Wooten*, 267 S.W.3d at 296–97. Thus, the evidence is sufficient to support appellant's conviction. We overrule appellant's second issue.

## II.    Motion to Suppress

In his third issue, appellant argues that the trial court erred in denying his motion to suppress the warrantless blood draw because his blood was taken without a warrant and no exception to the warrant requirement applies. In response, the State contends that exigent circumstances existed to justify the warrantless search.

8

## A.    Appellant was Under Arrest During the Blood Draw

Appellant first argues that the mandatory blood draw statute does not apply because Trooper Wyman never placed him under arrest. *See* Tex. Transp. Code § 724.012.

A person is arrested when he has been actually placed under restraint or taken into custody by an officer. Tex. Code Crim. Proc. art. 15.22. An arrest is complete when a person's liberty of movement is successfully restricted or restrained, whether this is achieved by an officer's physical force or the suspect's submission to the officer's authority. *Medford v. State*, 13 S.W.3d 769, 773 (Tex. Crim. App. 2000). An arrest is complete if a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree that the law associates with formal arrest. *Id.*

At the suppression hearing, Trooper Wyman stated that he placed appellant under arrest before taking a specimen of his blood. He stated that he did not handcuff appellant because appellant was in pain from the accident and the doctors were still examining the x-rays. Trooper Wyman read appellant the DIC–24 form and requested a blood specimen. The first sentence of the form states "[y]ou are under arrest for an offense arising out of acts alleged to have been committed while you were operating a motor vehicle in a public place while intoxicated." Thus, Trooper Wyman told appellant he was under arrest.

Upon consulting with the district attorney's investigator and his supervisor, Trooper Wyman decided to release appellant from his custody and allowed his wife to take him home from the hospital. Trooper Wyman testified that appellant was released because of the injuries he suffered and because the Brazoria County Jail had a limitation on what type of injuries people could come in with. Trooper Wyman stated that it was not the first time he arrested a suspect for a DWI,

9

released him from custody, and obtained an arrest warrant at a later date.

The record from the suppression hearing reflects that pursuant to the mandatory blood draw statute, Trooper Wyman placed appellant under arrest prior to taking a specimen of his blood. *See* Tex. Transp. Code § 724.012(b)(1)(A). Trooper Wyman placed appellant under arrest while he was being treated for injuries in the hospital. Appellant's head was immobilized because he was wearing a C-collar. Because of appellant's injuries sustained in the crash, Trooper Wyman could not have further restrained appellant without risking additional injury to him. Trooper Wyman appears to have had no better way of conveying to appellant that he was under arrest other than by simply telling him.

We conclude that appellant was under arrest when the DIC–24 form was read to him because "a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." *Medford*, 13 S.W.3d at 773 (quoting *United States v. Corral-Franco*, 848 F.2d 536, 540 (5th Cir. 1988)); *see also Bell v. State*, 881 S.W.2d 794, 799 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd) ("A reasonable person, injured and lying on a hospital stretcher, hearing from a police officer the words 'you are under arrest' and 'placed under arrest,' could conclude that he was not free to leave."). Further, the fact that Trooper Wyman eventually released appellant from his custody does not affect the conclusion that appellant was under arrest at the time his blood specimen was taken. *See Gattis v. State*, No. 14-03-00045-CR, 2004 WL 2358455, at *3 (Tex. App.—Houston [14th Dist.] Oct. 21, 2004, no pet.) (not designated for publication).

## B. The Trial Court Did Not Err in Denying the Motion to Suppress

Appellant asserts that the trial court erred in denying his motion to suppress

10

the warrantless blood draw.

We review a trial court's denial of a motion to suppress under a bifurcated standard. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for an abuse of discretion. *Id.* At the suppression hearing, the trial court is the sole factfinder and is free to believe or disbelieve any or all of the testimony presented. *See Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007).

If the trial judge makes express findings of fact, we view the evidence in the light most favorable to his ruling and determine whether the evidence supports the factual findings. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). When the trial judge does not make explicit findings of fact, we assume the trial judge made implicit findings of fact supported by the record, *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005), and we view the evidence in the light most favorable to the trial court's ruling. *Ex parte Moore*, 395 S.W.3d 152, 158 (Tex. Crim. App. 2013).

Second, we review de novo the trial court's application of the law to the facts. *Valtierra*, 310 S.W.3d at 447. We will sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.* at 447–48.

A trial judge's findings on a motion to suppress may be written or oral. *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). Here, although neither party moved for written findings of fact and conclusions of law, and none were filed, it is apparent from the record that the trial court intended its findings and conclusions to be expressed via its oral pronouncements.[4] Oral findings of fact can

---

[4] Among the Court's oral findings:

be considered as findings of fact on the record and given due deference. *See, e.g.,* *id.* (stating that the trial court's findings and conclusions from the suppression hearing need to be recorded in some way, whether written out and filed by the trial court or stated on the record at the hearing); *Flores v. State,* 177 S.W.3d 8, 13 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (reviewing trial court's oral findings of fact on a motion to suppress).

The Fourth Amendment to the United States Constitution provides "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures shall not be violated, and no Warrants shall issue" unless certain requirements are met. U.S. Const. amend. IV. "Although the text of the Fourth Amendment does not specify when a search warrant must be obtained, [the Supreme Court of the United States] has inferred that a warrant must generally be secured." *Kentucky v. King,* 131 S. Ct. 1849, 1856 (2011). The warrant requirement is subject to certain reasonable exceptions. *Id.* These exceptions include voluntary consent to search, search under exigent circumstances, and search incident to arrest. *McGee v. State,* 105 S.W.3d 609, 615 (Tex. Crim. App. 2003).

When a defendant alleges that a search or seizure violates the Fourth Amendment, he must produce some evidence that rebuts the presumption of proper police conduct. *Amador v. State,* 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). To satisfy this burden, the defendant must establish that the search or seizure occurred without a warrant. *Id.* Because appellant's blood was drawn without a warrant, the burden shifts to the State to prove that the warrantless seizure was reasonable. *Id.*

---

**THE COURT:** I will find that there existed, based on the totality of the circumstances then present, exigent circumstances sufficient to all the taking of blood.

12

The State argues that the warrantless seizure of appellant's blood was reasonable because the exigent circumstances exception to the warrant requirement applies. Exigent circumstances generally fall within one or more of three categories: (1) providing aid or assistance to persons whom law enforcement reasonably believes are in need of assistance; (2) protecting police officers from persons whom they reasonably believe to be present, armed, and dangerous; and (3) preventing the destruction of evidence or contraband. *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007). To determine whether exigent circumstances existed to justify a warrantless seizure in a DWI investigation, we consider the totality of the circumstances and analyze the facts on a case-by-case basis. *Missouri v. McNeely*, 133 S. Ct. 1552, 1563 (2013).

The State asserts that its need to collect and preserve evidence justified the warrantless search. In support of its contention, the State points to the following facts: (1) appellant could not perform field sobriety tests at the scene because he was receiving medical treatment; (2) Trooper Wyman had to take time to investigate the traffic fatality at the scene; (3) appellant's transfer to the hospital was delayed because of Life Flight; (4) Trooper Wyman did not develop probable cause until he spoke to appellant at the hospital; (5) alcohol from appellant's blood stream was dissipating; (6) there was no on-call judge to issue a warrant at the time; and (7) appellant was receiving emergency medical treatment, including the possible use of pain medications.

At the suppression hearing, Trooper Wyman testified that the crash occurred at 10:20 p.m. and he arrived at the scene at 11:10 p.m. Trooper Wyman interviewed the appellant at the scene in the back of the ambulance, but was unable to conduct field sobriety tests due to appellant's condition at the time. When Trooper Wyman spoke to appellant, appellant was lying on a stretcher, wearing a

13

C-collar in the ambulance. Trooper Wyman could not accompany appellant to the hospital because he had to remain at the scene to further investigate the accident and also wait for another trooper to relieve him. Appellant's transportation to the hospital was delayed because Life Flight prevented all incoming and outgoing traffic from the scene.

Trooper Wyman arrived at the hospital at 12:00 a.m. and waited for about 20 minutes while appellant received x-rays. While speaking to appellant in the hospital room, Trooper Wyman smelled a strong odor of alcohol, noticed his eyes were red and glassy, and saw a nystagmus in his eye. Trooper Wyman read the DIC–24 form to appellant at 12:55 a.m. Appellant's blood was taken at 1:15 a.m., almost three hours after the accident occurred. At the conclusion of the suppression hearing, the trial court found "that there existed, based upon the totality of the circumstances then present, exigent circumstances sufficient to allow the taking of blood."

Appellant asserts that exigent circumstances did not exist which made obtaining a warrant impractical. Specifically, appellant argues that Trooper Wyman could have asked another officer to obtain a warrant, Trooper Wyman had time to obtain a warrant within the two-hour window between his arrival at the scene and the blood draw, and Trooper Wyman testified that he had a judge meet him in the hospital to sign a warrant in the past. Appellant cites to this court's decision in *Douds v. State*, in which we stated that "[t]he relevant inquiry is whether, given the facts and circumstances known to police at the time, it would be objectively reasonable for an officer to conclude that taking the time necessary to obtain a warrant before drawing a blood sample would significantly undermine the efficacy of a blood alcohol test." 434 S.W.3d 842, 854 (Tex. App.—Houston [14th Dist.] 2014, pet. granted) (en banc, op. on reh'g).

14

In *Douds*, several people were injured in a car accident when a driver suspected of being under the influence of alcohol struck another vehicle. *Id.* at 845. The driver's blood was taken without a warrant approximately two hours after the accident. *Id.* The State argued that because there was an accident involving injury or death, exigent circumstances justified the warrantless seizure. *See id.* at 851–52. This court rejected the State's argument and held that "[t]he focus of exigent circumstances analysis in this context is not on the delay attendant to an investigation . . . but on the delay necessary to obtain a warrant." *Id.* at 853. The court held that the State failed to prove exigent circumstances existed because the trial court's findings did "not support an objectively reasonable conclusion that taking the time to obtain a warrant before drawing appellant's blood would have significantly undermined the efficacy of a blood alcohol test." *Id.* at 855. The court emphasized the fact that the evidence in the case did not mention a warrant at all, nor what the arresting officer knew about the time needed to obtain a warrant. *Id.* Because the record below reflects Trooper Wyman's knowledge of the requirements for obtaining a warrant, we conclude that *Douds* is distinguishable.

Here, Trooper Wyman testified that he did not develop the requisite probable cause for a warrant until he spoke to the appellant at the hospital. Trooper Wyman stated that he was familiar with the procedure for obtaining a warrant and that it was a complicated and lengthy process. He stated that to secure a warrant, he would have had to type up a search warrant, meet with a judge to sign it, and take the warrant back to the hospital. Trooper Wyman stated that there was not an on-call judge available at that time in Brazoria County. The trial court was entitled to credit Trooper Wyman's testimony. *See Wiede*, 214 S.W.3d at 24–25; *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). By the time Trooper Wyman developed probable cause to obtain a warrant, almost three hours had passed since

the accident occurred. To obtain a warrant, Trooper Wyman would have had to type up a warrant, locate a judge to sign it, and return to the hospital.

When considering the totality of the circumstances and viewing the evidence in the light most favorable to the ruling, we conclude that the trial court did not err in finding exigent circumstances existed that made obtaining a warrant impractical. *See McNeely*, 133 S. Ct. at 1561 ("We do not doubt that some circumstances will make obtaining a warrant impractical such that the dissipation of alcohol from the bloodstream will support an exigency justifying a properly conducted warrantless blood test."); *see also Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003) (providing that the court will "sustain the trial court's ruling admitting the evidence if the ruling is reasonably supported by the record and correct on any theory of law applicable to the case"). Thus, the evidence resulting from the blood draw was properly admitted on this basis. We overrule appellant's third issue.

### III.    Double Jeopardy Clause

In his final issue, appellant contends that his convictions for felony DWI and intoxication manslaughter violate the prohibition against double jeopardy because felony DWI is a lesser included offense of intoxication manslaughter.

The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This constitutional provision has been made applicable to the States through the Due Process Clause of the Fourteenth Amendment. *Illinois v. Vitale*, 447 U.S. 410, 415 (1980). The Double Jeopardy Clause prevents the court from prescribing a greater punishment than the legislature intended. *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). It protects against a second prosecution for the same offense following a conviction, a second prosecution for the same offense following an acquittal, and multiple punishments

16

for the same offense. *Cervantes v. State*, 815 S.W.2d 569, 572 (Tex. Crim. App. 1991). When a defendant is convicted of two or more crimes in a single trial, only the multiple punishment guarantee is implicated. *Ex parte Herron*, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990).

The United States Supreme Court has established a test to determine whether or not the same act constitutes a violation of two distinct statutory provisions for double jeopardy purposes. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under *Blockburger*, if each provision requires proof of a unique element which the other does not, double jeopardy is not implicated. *Id.* Additionally, even when two penal statutes have unique elements, and are not the same under *Blockburger*, we are required to consider other factors to determine whether the legislature intended to permit multiple punishments when the same conduct violates both statutes. *Ervin v. State*, 991 S.W.2d 804, 814 (Tex. Crim. App. 1999).

Under *Ervin*, we must consider (1) whether the offenses' provisions are contained within the same statutory section or chapter; (2) whether the offenses are phrased in the alternative; (3) whether the offenses are named similarly; (4) whether the offenses have common punishment ranges; (5) whether the offenses have a common focus (i.e., whether the "gravamen" of the offense is the same) and whether that common focus tends to indicate a single instance of conduct; (6) whether the elements that differ between the offenses can be considered the "same" under an imputed theory of liability which would result in the offenses being considered the same under *Blockburger*; and (7) whether there is a legislative history containing an articulation of an intent to treat the offenses as the same or different for double jeopardy purposes. *Id.*

Appellant argues that felony DWI is a lesser included offense of intoxication manslaughter because the prior DWI enhancements alleged in a felony DWI

17

indictment should not be considered as elements for double jeopardy purposes. Appellant asserts that the two prior convictions should only be viewed as enhancing punishment. The Court of Criminal Appeals recently rejected appellant's argument in *Ex parte Benson*, —— S.W.3d ——, No. WR-81,764-01, 2015 WL 1743459, at *16 (Tex. Crim. App. Apr. 15, 2015).

In *Ex parte Benson*, the court considered whether intoxication assault and felony DWI are the same offense for double jeopardy purposes when they arise out of the same transaction. *Id.* at *1. The court began its analysis by determining whether felony DWI requires proof of a fact not required for intoxication assault. *Id.* at *4. The court held that it was "abundantly clear that the offenses of felony DWI and intoxication assault are different under the *Blockburger* same-elements test." *Id.* at *5. Because this gave rise to a presumption that the offenses are presumed to be different for double jeopardy purposes, the court then determined whether the presumption was rebutted by the *Ervin* factors. *Id.*; *see also Price v. State*, 434 S.W.3d 601, 609–10 (Tex. Crim. App. 2014) ("If two separately defined offenses have the 'same elements' under *Blockburger*, then a judicial presumption arises that the offenses are the same for purposes of double jeopardy . . . .").

The court determined that because the offenses are in the same chapter, are similarly named, and have the same punishment ranges, those factors weighed in the defendant's favor. *Ex parte Benson*, —— S.W.3d ——, 2015 WL 1743459, at *15. However, the court found that the factors weighing against the defendant's position were more substantial. *Id.* at *16. After weighing the *Ervin* factors, the court held that the defendant failed to rebut the presumption established by the offenses having different elements under *Blockburger*. *Id.*

Following the reasoning of *Ex parte Benson*, we conclude that appellant's convictions for felony DWI and intoxication manslaughter do not violate the

18

Double Jeopardy Clause because each offense requires proof of a fact the other does not. *See* Tex. Penal Code § 49.09(b)(2) (requiring proof of two prior DWI convictions); Tex. Penal Code § 49.08(a)(2) (requiring proof the defendant caused the victim's death); *see also Ex parte Benson,* —— S.W.3d ——, 2015 WL 1743459, at *5. Further, the *Ervin* factors weigh against appellant's position. *See Benson,* —— S.W.3d ——, 2015 WL 1743459, at *16. Therefore, charging appellant with both offenses did not violate the Double Jeopardy Clause.

## CONCLUSION

We overrule appellant's issues and affirm the jury's verdict.

/s/    Ken Wise
       Justice

Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).

19